IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02628-BNB

WORDEN BOURN,
CHARLES GREENLEE, and
ALL OTHERS SIMILARLY SITUATED,

    Plaintiffs,

v.

GEO GROUP, INC.,
HUDSON CORR. FACILITY,
WARDEN JOE DRIVER,
ASSOCIATE WARDEN RON MURRAY,
STATE OF ALASKA DEPT. OF CORRECTIONS,
DEPUTY COMMISSIONER SAM EDWARDS, and
OTHERS TO BE NAMED,

    Defendants.

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF AND
FOR TEMPORARY RESTRAINING ORDER

    This matter is before the Court on the documents titled "Request TRO-65(a) Fed. R. Civ. P. Injunctive Relief" (ECF No. 7) that Plaintiffs, Worden Bourn and Charles Greenlee, filed *pro se* with the Court on October 7, 2011, and the "Request Immediate Injuctive [sic] Relief" (ECF No. 13) that Plaintiff, Mr. Bourn, filed *pro se* with the Court on October 26, 2011.

    In the October 7 motion, Plaintiffs ask to be moved from the Hudson Correctional Facility, where they are in protective custody, to federal protective custody. They make the vague and conclusory allegations that they are in imminent danger of physical, mental, and medical problems arising from lack of nutritional foods and staff training,

and the failure of staff to report food problems and patterns of threats and rule violations or to respond in a timely manner to grievances.  In the October 26 motion, Mr. Bourn makes vague allegations about the food, including that it is causing him to get sick.  He also asks for access to requests for interview and medical forms, and official action in correcting the issues about which he complains.

The Court must construe the motions liberally because Plaintiffs are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motions will be construed liberally as motion for injunctive relief and/or for a temporary restraining order, and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take

affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Plaintiffs are seeking a mandatory preliminary injunction that seeks to alter the status quo, they must make a heightened showing of the four factors listed above. *See id.* at 1209.

Plaintiffs do not demonstrate a substantial likelihood of prevailing on the merits, that they will suffer irreparable injury if no preliminary injunction is issued, that their threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motions for injunctive relief and/or a temporary restraining order will be denied.

Accordingly, it is

ORDERED that the documents titled "Request TRO-65(a) Fed. R. Civ. P. Injunctive Relief" (ECF No. 7) that Plaintiffs, Worden Bourn and Charles Greenlee, filed *pro se* with the Court on October 7, 2011, and the "Request Immediate Injuctive [sic] Relief" (ECF No. 13) that Plaintiff, Mr. Bourn, filed *pro se* with the Court on October 26, 2011, both of which the Court has treated as a motion for injunctive relief and/or for temporary restraining order, are denied.

DATED at Denver, Colorado, this  19th  day of    January   , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK
Senior Judge, United States District Court