IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02628-BNB

WORDON BOURN,
CHARLES GREENLEE, and
ALL OTHERS SIMILARLY SITUATED,

      Plaintiffs,

v.

GEO GROUP, INC.,
HUDSON CORR. FACILITY,
WARDEN JOE DRIVER,
ASSOCIATE WARDEN RON MURRAY,
STATE OF ALASKA DEPT. OF CORRECTIONS,
DEPUTY COMMISSIONER SAM EDWARDS, and
OTHERS TO BE NAMED,

      Defendants.

---

ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT, AND
DENYING MOTIONS FOR JOINDER AND TO COMPEL

---

      Plaintiffs, Wordon Bourn and Charles Greenlee, are prisoners in the custody of

the Alaska Department of Corrections who currently are incarcerated at the Hudson

Correctional Facility, a private correctional facility in Hudson, Colorado.  They filed *pro*

*se* a civil rights complaint for injunctive relief pursuant to 42 U.S.C. § 1983 and 28

U.S.C. § 1332 because the "[d]efendants reside in multiple state[s] across the United

States."  ECF No. 1 at 4.  On January 9, 2012, Bourne and Greenlee were granted

leave to proceed pursuant to 28 U.S.C. § 1915.  ECF No. 31.

      The Court must construe Plaintiffs' filings liberally because they are not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiffs will be directed to file an amended complaint.  Before addressing the filing of an amended complaint, however, the Court will address the pending motions for joinder filed by interested parties to this lawsuit, *see* ECF Nos. 22, 24, 26, and 27, and the motions to compel.  *See* ECF Nos. 32, 34, 37, and 38.

## I.  Motions for Joinder

The motions for joinder are nearly identical, except for the name of the interested party submitting each motion, and raise the same issues Plaintiffs raise in their complaint.  In the motions, the interested parties challenge their conditions of confinement at the Hudson Correctional Facility, including allegedly inadequate food, their classification as protective custody inmates, a staff shortage, lack of staff training, staff failures to address problems or rule violations brought to their attention, and the lack of any or timely responses to grievances.  *See, e.g.*, ECF No. 22.  However, the interested parties fail to recite any reasons why joinder is necessary or provide any authority for their motions.  For the following reasons, the Court will deny joinder in this action, dismiss the motions for joinder of the interested parties, and allow the dismissed interested parties to initiate new and separate actions, if they choose.

"The question of whether an absent party is necessary and/or indispensable is resolved by applying Rule 19 of the Federal Rules of Civil Procedure."  *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001) (citations omitted).  Rule 19 provides a three-step process for determining whether an action should be dismissed for failure to join a purportedly indispensable party.  *Id.*  First, the Court must

determine whether the absent person is necessary.  *Id.*  A person is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

If the absent person is necessary, the Court then must determine whether joinder is "feasible."  *See* Fed. R. Civ. P. 19(b).  Finally, if joinder is not feasible, the court must decide whether the absent person is indispensable--i.e., whether in "equity and good conscience," Fed. R. Civ. P. 19(b), the action can continue in his absence.

The Court finds that it can accord the relief Plaintiffs seek even in the absence of the interested parties, who seek the same relief as Plaintiffs and, therefore, the interested parties are not required under Fed. R. Civ. P. 19(a)(1)(A).  The Court also concludes that the interested parties' ability to protect their interest is not so impeded as to require their joinder under Fed. R. Civ. P. 19(a)(1)(B)(i), and that allowing this case to proceed without the interested parties will not subject Defendants to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).  Given the Court's determination that the interested parties are not necessary, there is no reason to consider parts two and three of the three-step analysis.

Fed. R. Civ. P. 20 concerns permissive joinder of parties.  Although Rule 20 authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms, to

drop a party.  Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1).  *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting cases).  Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation."  *Id.*  Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.  These courts also have noted that prison populations are transitory, making joint litigation difficult.  *Id.*

The Court is persuaded by the reasoning of the district courts discussed in *Boretsky* opposing permissive joinder.  Prisoners, whose circumstances make joint litigation exceptionally difficult, are not in the same situation as non-prisoner joint litigants.  Coordination would be difficult in view of restrictions on interpersonal communication within a prison facility and restrictions on inmate-to-inmate communications among prison facilities, should any interested party be transferred to a different facility.  *See generally Shaw v. Murphy*, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates).  Obtaining signatures from all Plaintiffs can be difficult when all Plaintiffs are housed in the same prison facility, but prison populations, as illustrated in this case, are notably transitory. Inmates are released or transferred within a department of corrections, not to mention relocated within a prison itself.  For legitimate security reasons, institutional rules may

4

prohibit inmates from corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult.  *See Turner v. Safley*, 482 U.S. 78, 91-92 (1987) (the prohibition on prisoner-to-prisoner correspondence between institutions is logically connected to a legitimate security concern).

Fed. R. Civ. P. 21 provides that "the [C]ourt may at any time, on just terms, . . . drop a party."  It would not be just to dismiss this case in its entirety merely because of the myriad impracticalities of joint litigation by Plaintiffs and the interested parties. Instead, the Court will deny the motions for joinder of all interested parties and allow only the existing Plaintiffs, Wordon Bourn and Charles Greenlee, to proceed.

Any interested party who wishes to pursue his claims may initiate a separate action by filing a Prisoner Complaint on the Court-approved form and by either paying the $350.00 filing fee or submitting a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form. Interested parties may obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  Any separate action will be subject to the preliminary screening requirements of D.C.COLO.LCivR 8.2, and the Plaintiff in each separate action will be required to cure any deficiency in his filings.  In addition, the motion to withdraw (ECF No. 28) the motion for joinder (ECF No. 26) will be granted.

## II.  Motions to Compel

Also before the Court are motions to compel filed by the interested parties and Plaintiff Bourne.  *See* ECF Nos. 32, 34, 37, 38.  The three motions to compel filed by

the interested parties are unintelligible and will be denied.  *See* ECF Nos. 32, 37, and

38.

    The motion filed by Plaintiff Bourne asks this Court to compel the Hudson

Correctional Facility and Alaska Department of Corrections to maintain and provide the

proper forms "in a manner that allow these same inmates to be able to comply with

Court orders."  *See* ECF No. 34.  The forms to which Mr. Bourne refers appear to be the

Court-approved forms for use by *pro se* prisoner litigants.  *See* D.C.COLO.LCivR8.2A.

Because Mr. Bourne fails to allege he has been ordered to file a document on a form he

is unable to receive, his motion will be denied.

### III. Pleading Requirements of Rule 8

    The Court has reviewed Plaintiffs' complaint, and finds that it does not comply

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The

twin purposes of a complaint are to give the opposing parties fair notice of the basis for

the claims against them so that they may respond and to allow the Court to conclude

that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to

meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a)

provides that a complaint "must contain (1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy

of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be

simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiffs' complaint is both verbose and vague. They fail to provide a short and plain statement of their claims, resorting instead to either an outline format or a chronological recitation of events. *See* Fed. R. Civ. P. 8(a)(2). The gist of the complaint appears to be that Plaintiffs disagree with their transfer to an out-of-state facility, i.e., Hudson Correctional Facility, that allegedly does not provide the programs or staff they require and the food they need.

Plaintiffs' conditions-of-confinement claims fail to focus solely on how they have been injured and, instead, are filled with broad allegations concerning prisoners in general. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Plaintiffs, in their broad allegations concerning prisoners in general, fail to demonstrate any actual or threatened injury as a result of the conditions of each Plaintiff's confinement, they lack standing to assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

The general rule that *pro se* pleadings must be construed liberally has limits and

7

"the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Plaintiffs must provide "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In the amended complaint they will be directed to file, Plaintiffs must assert personal participation by each named defendant in the alleged constitutional violations. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiffs must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Warden Joe Driver, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Plaintiffs may use fictitious names, such as "John or Jane Doe," if they do not know the real names of the individuals who allegedly violated their rights.  However, if

Plaintiffs use fictitious names they must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

In summary, the amended complaint that Plaintiffs are being directed to file must allege, simply and concisely, their specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated their rights, and must show how they have been injured.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court will give Plaintiffs the opportunity to cure the deficiencies in his complaint by submitting an amended complaint that meets the requirements of Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that the motions for joinder (ECF Nos. 22, 24, and 27) are denied.  It is

FURTHER ORDERED that the motion to withdraw (ECF No. 28) the motion for joinder (ECF No. 26) is granted.  It is

FURTHER ORDERED that the motions to compel (ECF Nos. 32, 34, 37, and 38) are denied.  It is

FURTHER ORDERED that the motions for leave to proceed pursuant to 28 U.S.C. § 1915 (ECF Nos. 33, 35, 36) are denied as moot.  It is

FURTHER ORDERED that Plaintiffs, Wordon Bourn and Charles Greenlee, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order.  It is

9

FURTHER ORDERED that Plaintiffs shall obtain the Court-approved Prisoner Complaint form (with the assistance of their case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that, if Plaintiffs fail to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action without further notice.

DATED February 13, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge