IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02628-BNB

WORDEN L. BOURN,
CHARLES GREENLEE, and
ALL OTHERS SIMILARLY SITUATED,

    Plaintiffs,

v.

GEO GROUP, INC., Hudson Correctional Facility,
WARDEN JOE DRIVER,
ASSOCIATE WARDEN RON MURRAY,
STATE OF ALASKA DEPT. OF CORRECTIONS,
DEOUTY [sic] COMMISSIONER SAM EDWARDS, and
OTHERS TO BE NAMED,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiffs, Worden L. Bourn and Charles Greenlee, are prisoners in the custody of the Alaska Department of Corrections who currently are incarcerated at the Hudson Correctional Facility, a private correctional facility in Hudson, Colorado. They filed *pro se* a civil rights complaint for injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1332 because the "[d]efendants reside in multiple state[s] across the United States." ECF No. 1 at 4. On January 9, 2012, Messrs. Bourne and Greenlee were granted leave to proceed pursuant to 28 U.S.C. § 1915. ECF No. 31.

    On February 13, 2012, the Court ordered (ECF No. 48) Messrs. Bourn and Green to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, alleged an actual or

threatened injury, and asserted the personal participation of each named Defendant. On March 1, 2012, Messrs. Bourn and Greenlee filed an amended complaint (ECF No. 49) pursuant to § 1983 and § 1332 because "Multiple Plaintiffs with same issues - Multiple Defendants in different States." ECF No. 49 at 4.  The request for relief includes money damages and injunctive relief.  On March 1, Mr. Bourn also filed a letter in which he asks for an example of a prisoner complaint.  Because the Court is unable to provide legal advice, the request will be denied.

The Court must construe the amended complaint liberally because Plaintiffs are not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended complaint will be dismissed.

Only one Plaintiff signed the complaint.  Although the signature is illegible, it appears to be that of Mr. Bourn.  The pronouns "I," "me," "my," "we" are used throughout the amended complaint, creating confusion about whether one or both Plaintiffs are asserting claims and, if only one, which Plaintiff is doing so.  *See, e.g.*, ECF No. 49 at 4, 6, 7, 8, and 9.  The discussion of the nature of the case in the amended complaint is generally unintelligible, but the gist of the amended complaint appears to be that Plaintiffs disagree with their transfer to an out-of-state facility, i.e., Hudson Correctional Facility, that allegedly fails to provide the staff they require and the food they need.

The four asserted claims are vague and conclusory.  Claim one concerns the Hudson Correctional Facility's alleged failure to provide a diet consistent with one

unspecified Plaintiff's spiritual practices or medical orders.  Claim two generally alleges insufficient law library services for inmates.  Claim three asserts that the dietician preparing meals has no regard for the medical and spiritual needs of inmates, that one unspecified Plaintiff has been assaulted on more than one occasion and suffered physical injury, and that medical personnel are slow or do not check properly for medical problems and, therefore, do not provide treatment.  Claim four contends that one unspecified Plaintiff was assaulted and not provided with access to authorities so he could report the assault and that prison staff also failed to report the assault.  No claim specifies which Defendant or Defendants it is asserted or the personal participation of any named Defendant.

The amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As Magistrate Judge Boland informed Plaintiffs in the February 13 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  Magistrate Judge Boland explained that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  He pointed out that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought." He also explained that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Finally, Magistrate Judge Boland pointed out that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules, and that prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiffs' conditions-of-confinement claims fail to provide detailed information as to how they have been injured. Instead, Plaintiff or Plaintiffs make broad allegations concerning his or their own claims and prisoners in general. In the February 13 order, Magistrate Judge Boland noted the United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Plaintiffs, through the broad allegations concerning prisoners in general, fail to demonstrate any actual or threatened injury as a result of the conditions of each Plaintiff's confinement, they lack standing to assert claims concerning those conditions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

In the February 13 order, Magistrate Judge Boland warned Plaintiffs the general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).  Plaintiffs have failed to provide "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  As such, they have failed to comply with the Rule 8(a) requirement that "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court will dismiss the action for Plaintiffs' failure to submit an amended complaint that meets the requirements of Fed. R. Civ. P. 8.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If either or both Plaintiffs file a notice of appeal he or they also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the request by Plaintiff, Worden L. Bourn, in his letter of March 1, 2012, for an example of a prisoner complaint is denied.  It is

FURTHER ORDERED that the amended complaint and the action are dismissed without prejudice for Plaintiffs' failure to file an amended complaint that complies with

the directives of the order of February 13, 2012.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  7th  day of    March   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court